Gaston, J.
 

 In this case the counsel for the defendants prayed the Court to instruct the Jury, that an officer, having a State’s warrant to arrest an individual for an escape, had a right to tie the prisoner, if he deemed it necessary ; that the officer was the sole judge of this necessity; and that he was not answerable if he used no more force than was requisite to tie him. The Court declined to give this instruction, but instructed the Jury, that the officer had a right to use such means as were necessary and proper to secure his prisoner, therefore might tie him if it were necessary so to do ; but if the Jury were satisfied from the evidence that a man of ordinary prudence would not have deemed it necessary and proper to secure the prisoner by tying him, then they were authorised to find the officer guilty of an assault.
 

 With this instruction we are not satisfied, and the latter part of it we deem erroneous. The law gives the officer all the powers which are necessary for the effectual execution of the mandate issued to him. It is the duty of the officer to have the body of the person charged before the Court or ma
 
 *52
 
 gistrate, to whom the warrant is returnable ; and it is mani-__ fest that for this purpose it may be necessary to secure the prisoner by tying him. The act of tying is, therefore, within the limits of the officer’s authority; and of the propriety and necessity of adopting this mode of securing the prisoner, the officer is the judge, and the Jury cannot supervise the correctness of his judgment. He will indeed be liable, although he does not transcend his powers, if he grossly abuse them ; and whether he did or not so abuse them was the proper enquiry to be submitted
 
 to the
 
 Jury. Upon this enquiry we hold that the instructions should have been, as w.e have before laid it down in an analogous case,
 
 (State
 
 v
 
 Pendergrass, 2
 
 Dev.
 
 &
 
 Bat. 365.,) that there was an abuse
 
 oí
 
 authority, if the facts testified convinced the Jury that the officer did not act honestly in the performance of duty according to his sense of right, but, under the pretext of duty, was gratifying his malice — but if they were not so convinced, he did not abuse his authority.
 

 The counsel also prayed of the Court to instruct the Jury that the assistants of the officer were justified in tying and assisting to tie the prisoner, upon being commanded to do so by the officer, although he might have abused his authority in giving that command. It does not appear that the Court gave any instruction upon this prayer. To us it seems that the instruction asked for was correct, with this modification, if
 
 they
 
 acted
 
 Iona fide
 
 in obedience to this command, and did not avail themselves of it to gratify his or their malice.
 

 We are of opinion that the judgment ought to be reversed, and the case submitted
 
 with
 
 proper instructions to another Jury.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.